RECEIVED
IN LAKE CHARLES, LA
OCT 31 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DIRECTV INC.** | : | **DOCKET NO. 2:03 CV 2186** |
| **VS.** | : | **JUDGE MINALDI** |
| **AUSTIN THOMAS** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

On November 26, 2003, Directv filed suit against Austin Thomas for violations of the Federal Communications Act, 47 U.S.C. §605(a) and (e)(4), and the Wiretap Act, 18 U.S.C. §§ 2511, 2512, and Louisiana state law of civil conversion.[1]

The defendant was served with a copy of Directv's complaint and summons on January 31, 2004. The defendant's answer was due on or before February 20, 2004.

On May 10, 2004, the Clerk of Court entered default against the defendant. On September 3, 2004, the defendant filed a Motion to Set Aside the Default, which was denied on September 14, 2004.

August 23, 2005, Directv filed a Motion for Default Judgment. The motion was set on the court's October 12, 2005, dispositive motion calendar.

On September 9 and 12, 2005, Thomas filed an Answer to Motion for Default Judgment.

---

[1] On May 14, 2004 the court granted Directv's motion to voluntarily dismiss its claims brought under 18 U.S.C. §2512 and its Louisiana state law claims against the defendant for civil conversion. The court has repeatedly held in other Directv cases that there is no private right of action pursuant to 18 U.S.C. 2511. Therefore the court will consider the entry of a default judgment for claims based on violations of 47 U.S.C. § 605 (a) and (e)(4) only.

This document is essentially a duplicate of the defendant's affidavit filed in support of his Motion to Set Aside Default.

On September 12, 2005, correspondence from Thomas to the Clerk of Court was filed into the record.[2] In this correspondence, Thomas states:

> Please be advised that I, Austin Thomas, did respond to your letter concerning the above case on February 3, 2004. My response was sent directly to Kate Loos with the firm Briney & Foret, who represents the plaintiff. In error, I was not directed by counsel to file this motion with the U.S. Clerk of Courts. I was not trying to ignore your correspondence and I believed that all appropriate action needed had been taken at that time.

The plaintiff's Answer to the Default Judgment is a second attempt to set aside the default entered against him. When the original motion to set aside the default was filed in September, 2004, this court denied that motion as there was no evidence of excusable neglect or mistake which would entitle the defendant to set aside the default.

Courts generally look at three factors in ruling on a motion to set aside a default judgment under Rule 60(b)(1): 1) the extent of prejudice to the plaintiff; 2) the merits of the defendant's asserted defenses; and 3) culpability of the defendant's conduct. *Federal Sav. and Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1070 (C.A. 5 (la.) 1988).

Directv argues that it will be prejudiced if the court allows Thomas to defend this case. Thomas's primary defense is that he did not purchase the equipment to intercept Directv's signal, but he allowed a friend, Arthur "Bo" Jones, to use his credit card. He believes that Jones purchased two "Blank Amtels" from H Card and a "Terminator Bootloader" from Li Sang. Thomas notes that at the time of the purchase Jones was residing in the Golden Arms Apartments in Lake Charles.

---

[2] Doc. 18

2

Thomas does not provide a current address for Jones. Directv argues that it may not be able to locate Jones, therefore they are subject to great prejudice.

The defendant's Answer to the Motion for Default consists of numerous statements that he did not intercept Directv's signal, nor did he modify or distribute equipment designed to intercept Directv's signal. Directv argues that these defenses are conclusory and should not be considered by the court.

In justification for his failure to answer, Thomas states that he was not directed to do so by "counsel"[3] and he "believed that all appropriate action needed had been taken at that time." This explanation is insufficient to support a finding of good cause and/or excusable neglect.

Thomas was served 19 months ago. The summons contains clear instructions in bold print advising that the defendant is required to answer the summons. It warns that if the defendant fails to answer a default judgment will be taken. Even though he is proceeding pro se, Thomas had adequate notice of the requirement of answering the summons.

Thomas has also been "advised" throughout this proceeding by attorney Wade Smith. Even though Smith did not formally enroll as counsel, he allegedly failed to instruct Thomas to file his answer with the court and he made at least two telephone calls to chambers on Thomas's behalf. The court's prior judgment clearly stated that:

> Although no attorney has appeared on behalf of Mr. Thomas, he attaches a letter written by Attorney Wade Smith to the plaintiff. Mr. Thomas refers to Mr. Smith as "my lawyer." Mr. Thomas was served with the complaint on February 12, 2004. A default was entered May 10, 2004.
>
> Mr. Smith should know that an answer was required and that a letter to plaintiff's

---

[3] Thomas considered Wade Smith to be his counsel as he was being advised by Smith even though Smith never appeared as counsel of record.

3

counsel asserting possible defenses did not constitute an answer.

Through conversations with chambers staff, it became clear that Smith either did not understand federal procedure or did not want to understand federal procedure. When he continued to argue that Thomas should have a right to appear even after a default had been taken and his attempt to overturn the default had been denied, when given the opportunity to speak to the undersigned, Smith did not return the phone call. Assuming that Thomas's rendition of the facts are true, then his action lies against Smith either through the State Bar Association Disciplinary Proceedings or through state court in a malpractice action.

Accordingly, the defendant's objections to Directv's Motion for Default Judgment will be overruled and default judgment will be entered against Thomas finding Thomas liable for violations of 47 U.S.C. §605(a). The court will award statutory damages of $10,000, along with costs and disbursements of $316.95 and attorneys' fees in the amount of $2,986.00, amounting to the sum of $13,302.95, plus post judgment interest at the legal rate in effect to accrue from the date of judgment until paid.

Lake Charles, Louisiana, this 24 day of October, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE